FILED

2014 AUG 15  PM 3: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2014 Grand Jury

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ELAD GABER,

        Defendant.

CR No. 14- CR 14 - 0472

I N D I C T M E N T

[18 U.S.C. § 875(d): Extortion;
18 U.S.C. §§ 2251(a),(e): Production
and Attempted Production of Child
Pornography; 18 U.S.C. § 2422(b): Use
and Attempted Use of a Facility of
Interstate Commerce to Induce a Minor
to Engage in Criminal Sexual
Activity; 18 U.S.C. § 2252A(a)(2):
Distribution of Child Pornography]

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

    1.  Beginning on or about June 1, 2010, and continuing until on
or about July 16, 2011, in Los Angeles County, within the Central
District of California, and elsewhere, defendant ELAD GABER ("GABER")
repeatedly used computers and interactive computer services to
transmit threatening communications to numerous female minor children
located all across the United States.  Defendant GABER transmitted

these threatening communications with the intent to extort, and extorted, and attempted to extort, things of value from the female minor victims, that is, digital still images and webcam videos transmitted to defendant GABER of the female minor victims in various states of undress, exposing themselves and engaging in sexually explicit conduct.

2. In the initial step in his efforts to extort his female minor victims, defendant GABER would obtain images or videos of the female minor victims in which they voluntarily posed in a state of undress. Upon obtaining such images and videos of his female minor victims, he would locate the female minor victims on social networking websites, such as MySpace and Facebook. For that purpose, defendant GABER used a series of different online screen names, including, but not limited to, Chance Lanbom, Chance Baldauf, Chance Millan, Chance Helfinger, Chance Loman, Amane Machado Nogueira, Amane Machado, Amane Nogueira, Ethan Hunt, Ethan Bird, Ethan Lander, Shay Hanzman, Shay Fridman, Shay Hanman, Yoyominda Smithy, Jax Vidal, Becca Harper, David Clint, Rach Hollis, Erin Davenport, Miranda Bay, and Miranda Baylos.

3. Once defendant GABER possessed a sexually explicit image or video of the female minor victim, and he had access to the female minor victim's social network on a social networking website, he would send a portion of the sexually explicit image or video in his possession to the female minor victim. Defendant GABER would then demand that the female minor victim provide him with an additional

sexually explicit webcam video of herself by engaging in a private webcam chat session with him, via the website "Stickam." In some cases, where the female minor victim did not have a webcam, defendant GABER would demand that the female minor victim send him sexually explicit still images of herself until she could obtain a webcam and provide him with the video he demanded. In making these demands, defendant GABER would inform the female minor victim that if she did not comply with his demands, he would injure her reputation by sending the sexually explicit images or videos of the female minor victim in his possession to her friends and family, or by posting the images or videos to a public website.

4. Some of the female minor victims complied with defendant GABER's demands, while others did not. With some of those who complied, defendant GABER carried on a continuing pattern of extortion by sending more threatening communications and demanding additional sexually explicit webcam videos from the female minor victims. With those who did not comply with his demands, defendant GABER followed through with his threat to damage their reputations by sending the sexually explicit images and videos of these female minor victims in his possession to their friends and families.

5. All of the threatening communications made by defendant GABER were transmitted over a facility and means of interstate and foreign commerce, that is, the Internet, a computer, and interactive computer services connected to the Internet.

6. At all times relevant to this Indictment, the website "Stickam" was located within the Central District of California, and all communications and webcam chats that occurred via Stickam passed through Stickam's servers, located within the Central District of California.

## COUNT ONE

### [18 U.S.C. §§ 2251(a), (e)]

7.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

8.   On or about June 1, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Nogueira," "Ethan Hunt," and "Chance Lanbom" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 14-year-old H.S.F., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT TWO

[18 U.S.C. § 2422(b)]

9.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

10.   On or about June 1, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Nogueira," "Ethan Hunt," and "Chance Lanbom," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce H.S.F., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT THREE

[18 U.S.C. §§ 2251(a), (e)]

11.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

12.   On or about June 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Nogueira," "Ethan Hunt," and "Chance Lanbom" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 15-year-old H.S.F., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FOUR

[18 U.S.C. § 2422(b)]

13.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

14.   Beginning on or about November 5, 2010, and continuing until on or about June 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Nogueira," "Ethan Hunt," and "Chance Lanbom," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce H.S.F., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FIVE

[18 U.S.C. § 875(d)]

15.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

16.   Beginning on or about November 5, 2010, and continuing until on or about June 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Nogueira," "Ethan Hunt," and "Chance Lanbom" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened H.S.F., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of H.S.F. to individuals who knew H.S.F., if H.S.F. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT SIX

[18 U.S.C. §§ 2251(a), (e)]

17.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

18.   On or about June 14, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Becca Harper," and "David Clint" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 17-year-old L.A., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT SEVEN

[18 U.S.C. § 2422(b)]

19.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

20.  On or about June 14, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Becca Harper," and "David Clint" ("GABER"), used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce L.A., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT EIGHT

[18 U.S.C. § 875(d)]

21.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

22.   On or about June 14, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Becca Harper," and "David Clint" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened L.A., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of L.A. to individuals who knew L.A., if L.A. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT NINE

[18 U.S.C. §§ 2251(a), (e)]

23.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

24.   On or about June 16, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira" and "Chance Baldauf" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced two minors, namely, 12-year-old R.J. and 12-year-old C.B., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

13

COUNT TEN

[18 U.S.C. § 2422(b)]

25.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

26.  On or about June 16, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira" and "Chance Baldauf," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce R.J. and C.B., individuals who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).



## COUNT ELEVEN

### [18 U.S.C. § 875(d)]

27.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

28.  On or about June 16, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira" and "Chance Baldauf" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee and of another, that is, defendant GABER threatened R.J. and C.B., minor females, that defendant GABER would distribute sexually explicit photographic images and videos of R.J. and C.B. to individuals who knew R.J. or C.B, if R.J. and C.B. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

## COUNT TWELVE

[18 U.S.C. §§ 2251(a), (e)]

29.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

30.   On or about June 24, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 16-year-old M.B., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT THIRTEEN

[18 U.S.C. § 2422(b)]

31.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

32.   On or about June 24, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce M.B., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FOURTEEN

[18 U.S.C. § 875(d)]

33.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

34.   On or about June 24, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened M.B., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of M.B. to individuals who knew M.B., if M.B. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT FIFTEEN

[18 U.S.C. §§ 2251(a), (e)]

35.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

36.  On or about July 5, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 16-year-old K.M., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT SIXTEEN

[18 U.S.C. § 2422(b)]

37.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

38.    Beginning on or about July 2, 2010, and continuing until on or about July 5, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce K.M., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT SEVENTEEN

[18 U.S.C. § 875(d)]

39.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

40.   Beginning on or about July 2, 2010, and continuing until on or about July 5, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened K.M., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of K.M. to individuals who knew K.M., if K.M. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT EIGHTEEN

[18 U.S.C. §§ 2251(a), (e)]

41.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

42.   On or about July 8, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Yoyominda Smithy," "Amane Machado Nogueira," "Chance Lanbom," and "Shay Fridman" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 15-year-old J.L.J., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

## COUNT NINETEEN

[18 U.S.C. § 2422(b)]

43. Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

44. Beginning on or about June 30, 2010, and continuing until on or about July 8, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Yoyominda Smithy," "Amane Machado Nogueira," "Chance Lanbom," and "Shay Fridman," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce J.L.J., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT TWENTY

[18 U.S.C. § 875(d)]

45.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

46.   Beginning on or about June 30, 2010, and continuing until or about July 8, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Yoyominda Smithy," "Amane Machado Nogueira," "Chance Lanbom," and "Shay Fridman" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened J.L.J., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of J.L.J. to individuals who knew J.L.J., if J.L.J. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT TWENTY-ONE

[18 U.S.C. §§ 2251(a), (e)]

47.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

48.   On or about July 9, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," and  "Chance Lanbom" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 15-year-old A.D.S., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT TWENTY-TWO

[18 U.S.C. § 2422(b)]

49.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

50.   Beginning on a date unknown, and continuing until on or about July 9, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," and "Chance Lanbom", used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce A.D.S., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT TWENTY-THREE

[18 U.S.C. § 875(d)]

51.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

52.   Beginning on a date unknown, and continuing until on or about July 9, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," and "Chance Lanbom" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened A.D.S., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of A.D.S. to individuals who knew A.D.S., if A.D.S. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT TWENTY-FOUR

[18 U.S.C. §§ 2251(a), (e)]

53.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

54.   On or about November 4, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," and "Chance Lanbom" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 15-year-old A.D.S., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

## COUNT TWENTY-FIVE

[18 U.S.C. § 2422(b)]

55.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

56.   Beginning on or about October 28, 2010, and continuing until on or about November 4, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," and "Chance Lanbom," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce A.D.S., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT TWENTY-SIX

[18 U.S.C. § 875(d)]

57.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

58.   Beginning on or about October 28, 2010, and continuing until on or about November 4, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," and "Chance Lanbom" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened A.D.S., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of A.D.S. to individuals who knew A.D.S., if A.D.S. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

## COUNT TWENTY-SEVEN

[18 U.S.C. §§ 2251(a), (e)]

59.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

60.   On or about August 10, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira" and "Ethan Hunt" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 17-year-old R.L.P., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

31

COUNT TWENTY-EIGHT

[18 U.S.C. § 2422(b)]

61.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

62.   Beginning on or about August 9, 2010, and continuing until on or about August 10, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira" and "Ethan Hunt," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce R.L.P., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT TWENTY-NINE

[18 U.S.C. § 875(d)]

63.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

64.  Beginning on or about August 9, 2010, and continuing until on or about August 10, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira" and "Ethan Hunt" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened R.L.P., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of R.L.P. to individuals who knew R.L.P., if R.L.P. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT THIRTY

[18 U.S.C. §§ 2251(a), (e)]

65.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

66.   On or about August 14, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 14-year-old Y.T., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT THIRTY-ONE

[18 U.S.C. § 2422(b)]

67.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

68.   Beginning on or about August 11, 2010, and continuing until on or about August 14, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce Y.T., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

35

COUNT THIRTY-TWO

[18 U.S.C. § 875(d)]

69.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

70.   Beginning on or about August 11, 2010, and continuing until on or about August 14, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened Y.T., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of Y.T. to individuals who knew Y.T., if Y.T. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT THIRTY-THREE

[18 U.S.C. §§ 2251(a), (e)]

71.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

72.   On or about August 19, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," "Yoyominda Smithy," "Shay Fridman," "Ethan Bird," "Ethan Hunt," "Shay Hanzman," and "Chance Millan" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 15-year-old E.O., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.



COUNT THIRTY-FOUR

[18 U.S.C. § 2422(b)]

73.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

74.  Beginning on or about August 12, 2010, and continuing until on or about August 19, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," "Yoyominda Smithy," "Shay Fridman," "Ethan Bird," "Ethan Hunt," "Shay Hanzman," and "Chance Millan," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce E.O., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT THIRTY-FIVE

[18 U.S.C. § 875(d)]

75.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

76.   Beginning on or about August 12, 2010, and continuing until on or about August 19, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," "Yoyominda Smithy," "Shay Fridman," "Ethan Bird," "Ethan Hunt," "Shay Hanzman," and "Chance Millan," with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened E.O., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of E.O. to individuals who knew E.O., if E.O. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

39

COUNT THIRTY-SIX

[18 U.S.C. §§ 2251(a), (e)]

77.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

78.  On or about January 21, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," "Yoyominda Smithy," "Shay Fridman," "Ethan Bird," "Ethan Hunt," "Shay Hanzman," and "Chance Millan" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 16-year-old E.O., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT THIRTY-SEVEN

[18 U.S.C. § 2422(b)]

79.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

80.    Beginning on or about December 3, 2010, and continuing until on or about January 21, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," "Yoyominda Smithy," "Shay Fridman," "Ethan Bird," "Ethan Hunt," "Shay Hanzman," and "Chance Millan," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce E.O., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT THIRTY-EIGHT

[18 U.S.C. § 875(d)]

81.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

82.   Beginning on or about December 3, 2010, and continuing until on or about January 21, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," "Yoyominda Smithy," "Shay Fridman," "Ethan Bird," "Ethan Hunt," "Shay Hanzman," and "Chance Millan" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened E.O., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of E.O. to individuals who knew E.O., if E.O. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

## COUNT THIRTY-NINE

[18 U.S.C. §§ 2251(a), (e)]

83. Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

84. On or about August 24, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," and "Rach Hollis" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 16-year-old C.T., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

43

COUNT FORTY

[18 U.S.C. § 2422(b)]

85.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

86.   Beginning on or about August 14, 2010, and continuing until on or about August 24, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," and "Rach Hollis," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce C.T., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FORTY- ONE

[18 U.S.C. § 875(d)]

87.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

88.   Beginning on or about August 14, 2010, and continuing until on or about August 24, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Amane Nogueira," and "Rach Hollis" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened C.T., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of C.T. to individuals who knew C.T., if C.T. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT FORTY- TWO

[18 U.S.C. §§ 2251(a), (e)]

89.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

90.   On or about August 31, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Yoyominda Smithy," and "xoxo001@gmail.com" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 16-year-old A.P., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FORTY- THREE

[18 U.S.C. § 2422(b)]

91.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

92.  Beginning on or about August 30, 2010, and continuing until on or about August 31, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Yoyominda Smithy," and "xoxo001@gmail.com," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce A.P., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FORTY-FOUR

[18 U.S.C. § 875(d)]

93.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

94.   Beginning on or about August 30, 2010, and continuing until on or about August 31, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Amane Machado Nogueira," "Yoyominda Smithy," and "xoxo001@gmail.com" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee; that is, defendant GABER threatened A.P., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of A.P. to individuals who knew A.P., if A.P. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT FORTY-FIVE

[18 U.S.C. §§ 2251(a), (e)]

95.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

96. On or about September 12, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced, and knowingly attempted to employ, use, persuade, induce, entice, and coerce, a minor, namely, 13-year-old B.L., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FORTY-SIX

[18 U.S.C. § 2422(b)]

97.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

98.   Beginning on or about September 11, 2010, and continuing until on or about September 12, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce B.L., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FORTY-SEVEN

[18 U.S.C. § 875(d)]

99.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

100.   Beginning on or about September 11, 2010, and continuing until on or about September 12, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Amane Machado Nogueira" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened B.L., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of B.L. to individuals who knew B.L., if B.L. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

## COUNT FORTY-EIGHT

### [18 U.S.C. §§ 2251(a), (e)]

101.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

102.  Beginning on or about September 25, 2010, and continuing until on or about November 17, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," and "Jax Vidal" ("GABER"), knowingly attempted to employ, use, persuade, induce, entice, and coerce a minor, namely, 17-year-old K.B.M., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and would be produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

103.  In attempting to commit this offense, defendant GABER did something that was a substantial step toward committing this offense, including, among other things:

52

a.    On or before September 25, 2010, defendant GABER obtained a video recording of then 16-year-old K.B.M. naked and masturbating on a webcam.

b.    On or about September 25, 2010, defendant GABER used a Facebook account in the name of "Chance Lanbom" to send a "friend request" to K.B.M., who he knew to be 17 years old and in high school, asking to join her Facebook social network.

c.    On or about September 26, 2010, defendant GABER used the "Chance Lanbom" Facebook account to send a message to K.B.M., in which defendant GABER told K.B.M. that he possessed a sexually explicit video of her, and sent her screen captures from that video, which depicted her nude and masturbating with her face visible.  In the message, defendant GABER threatened K.B.M. by telling her that she must engage in a one-on-one webcam chat session with him in order to "please [his] desire," otherwise he would send the webcam video to all her friends and family on Facebook and would post it to the Internet for "thousands of people" to see, along with her full name, Facebook profile, mobile cellular telephone number, and Instant Message profile.  In this message, defendant GABER further suggested that K.B.M. should do the one-on-one webcam session since he had already seen her naked.

d.    On or about October 8, 2010, in response to a message from K.B.M. that she was nervous because she did not know him, defendant GABER sent a Facebook message to K.B.M., using the screen name "Chance Lanbom."  In the message, defendant GABER said "as far

53

as you being nervous I'm going to tell you what I'm after right now.
We are just going to get 1on1 on cam and do same stuff along the
lines you already did in that video I shown you, then I move on and
you're free."

e.   On or about November 1, 2010, defendant GABER sent
K.B.M. a Facebook message using the screen name "Amane Machado
Nogueira" with the subject line "your blackmailer."  In the message,
defendant GABER reminded K.B.M. that he was "waiting" for her to do
the one-on-one webcam session with him.

f.   On or about November 7, 2010 and on or about November
10, 2010, after K.B.M. failed to respond, defendant GABER used the
screen name "Chance Lanbom" to send a Facebook message to one of
K.B.M.'s schoolmates.  After asking "you talk to [K.B.M.] often?
Your in school together aren't u?," defendant GABER told K.B.M.'s
schoolmate to tell K.B.M. that he was going to "send this video to
her parents and all her school friends" if she did not contact him as
soon as possible.

g.   On or about November 7, 2010, after K.B.M. failed to
respond, defendant GABER used the screen name "Chance Lanbom" to send
K.B.M. a Facebook message with the subject line "wake up" and the
message "can't say I didn't warn you and give you time."

h.   Between on or about November 7, 2010 and on or about
November 17, 2010, defendant GABER used the Facebook screen names
"Chance Lanbom," "Ethan Hunt," "Amane Nogueira," and "Jax Vidal" to
send images of K.B.M. naked and masturbating to K.B.M.'s mother,

father, sister, and other Facebook friends.  In some of the messages,
defendant GABER used K.B.M.'s full name and stated that the images
depicted her "going on public webcam sites and exposing her body to a
random crowd."

COUNT FORTY-NINE

[18 U.S.C. §§ 2252A(a)(2), (b)(1)]

104.  On or about September 26, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Lanbom," knowingly distributed images of child pornography depicting victim K.B.M., as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and, using any means and facility of interstate and foreign commerce, including the Internet, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

COUNT FIFTY

[18 U.S.C. § 2422(b)]

105.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

106.   Beginning on or about September 25, 2010, and continuing until on or about November 17, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," and "Jax Vidal" ("GABER"), used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly attempt to persuade, induce, entice, and coerce K.B.M., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

107.   In attempting to commit this offense, defendant GABER did something that was a substantial step toward committing this offense, including, among other things:

a.   Between in or around September 2010 and in or around November 2010, defendant GABER communicated via the Internet and telephone with K.B.M., whom defendant GABER knew to be a 17-year-old high school student.

57

b.    Between in or around September 2010 and in or around November 2010, defendant GABER attempted to persuade, induce, entice, and coerce K.B.M. to use a web camera to send him a live transmission of herself engaged in sexually explicit conduct, such as masturbation and lascivious exhibition of the genitals.

c.    Paragraphs 103(a) through 103(h) of Count Forty-Eight are hereby realleged and incorporated by reference as though fully set forth herein.

COUNT FIFTY-ONE

[18 U.S.C. § 875(d)]

108.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

109.    Beginning on or about September 25, 2010, and continuing until on or about November 17, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," and "Jax Vidal" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened K.B.M., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of K.B.M. to individuals who knew K.B.M., if K.B.M. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT FIFTY-TWO

[18 U.S.C. §§ 2252A(a)(2), (b)(1)]

110.   Beginning on or about November 7, 2010, and continuing until on or about November 17, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Ethan Hunt," "Amane Nogueira," and "Jax Vidal," knowingly distributed images of child pornography depicting victim K.B.M., as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and, using any means and facility of interstate and foreign commerce, including the Internet, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

COUNT FIFTY-THREE

[18 U.S.C. §§ 2252A(a)(2), (b)(1)]

111.   On or about July 16, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," and "Jax Vidal," knowingly distributed images of child pornography depicting victim K.B.M., as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and, using any means and facility of interstate and foreign commerce, including the Internet, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

COUNT FIFTY-FOUR

[18 U.S.C. §§ 2251(a), (e)]

112.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

113.    On or about October 2, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," "Erin Davenport," and "Becca Harper" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 14-year-old B.S., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FIFTY-FIVE

[18 U.S.C. § 2422(b)]

114.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

115.    Beginning on or about September 21, 2010, and continuing until on or about October 2, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," "Erin Davenport," and "Becca Harper," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce B.S., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FIFTY-SIX

[18 U.S.C. § 875(d)]

116.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

117.    Beginning on or about September 21, 2010, and continuing until on or about October 2, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," "Erin Davenport," and "Becca Harper" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened B.S., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of B.S. to individuals who knew B.S., if B.S. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT FIFTY-SEVEN

[18 U.S.C. §§ 2251(a), (e)]

118.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

119.   On or about November 30, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," "Erin Davenport," and "Becca Harper" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 14-year-old B.S., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FIFTY-EIGHT

[18 U.S.C. § 2422(b)]

120.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

121.   Beginning on or about November 25, 2010, and continuing until on or about November 30, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," "Erin Davenport," and "Becca Harper," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce B.S., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT FIFTY-NINE

[18 U.S.C. § 875(d)]

122.  Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

123.  Beginning on or about November 25, 2010, and continuing until on or about November 30, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Chance Lanbom," "Shay Fridman," "Amane Machado Nogueira," "Amane Nogueira," "Ethan Hunt," "Erin Davenport," and "Becca Harper" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened B.S., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of B.S. to individuals who knew B.S., if B.S. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

## COUNT SIXTY

### [18 U.S.C. §§ 2251(a), (e)]

124.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

125.   On or about November 3, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Ethan Hunt," "Chance Millan," "Ethan Lander," "Chance Helfinger," "Amane Machado," "Shay Hanman," "Chance Loman," "Miranda Bay," and "Miranda Baylos" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 14-year-old E.A., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT SIXTY-ONE

[18 U.S.C. § 2422(b)]

126.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

127.   Beginning on or about November 2, 2010, and continuing until on or about November 3, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Ethan Hunt," "Chance Millan," "Ethan Lander," "Chance Helfinger," "Amane Machado," "Shay Hanman," "Chance Loman," "Miranda Bay," and "Miranda Baylos," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce E.A., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT SIXTY-TWO

[18 U.S.C. § 875(d)]

128.    Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

129.    Beginning on or about November 2, 2010, and continuing until on or about November 3, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen names "Ethan Hunt," "Chance Millan," "Ethan Lander," "Chance Helfinger," "Amane Machado," "Shay Hanman," "Chance Loman," "Miranda Bay," and "Miranda Baylos" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened E.A., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of E.A. to individuals who knew E.A., if E.A. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT SIXTY-THREE

[18 U.S.C. §§ 2251(a), (e)]

130.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

131.   On or about January 12, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Millan" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 15-year-old G.R.M., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.



COUNT SIXTY-FOUR

[18 U.S.C. § 2422(b)]

132.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

133.   On or about January 12, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Millan," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce G.R.M., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT SIXTY-FIVE

[18 U.S.C. § 875(d)]

134.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

135.   On or about January 12, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Millan" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened G.R.M., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of G.R.M. to individuals who knew G.R.M., if G.R.M. refused to transmit a live visual depiction, via webcam, to defendant GABER in which she followed his instructions to engage in sexually explicit conduct.

COUNT SIXTY-SIX

[18 U.S.C. §§ 2251(a), (e)]

136.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

137.   On or about March 1, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Helfinger" ("GABER"), knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, 16-year-old K.J.B., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction and live transmission defendant GABER knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT SIXTY-SEVEN

[18 U.S.C. § 2422(b)]

138.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

139.   Beginning on or about February 28, 2011, and continuing until on or about March 1, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Helfinger," used a facility and means of interstate and foreign commerce, namely, the Internet and the telephone, to knowingly persuade, induce, entice, and coerce K.J.B., an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT SIXTY-EIGHT

[18 U.S.C. § 875(d)]

140.   Paragraphs 1 through 6 of the Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

141.   Beginning on or about February 28, 2011, and continuing until on or about March 1, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ELAD GABER, using the online screen name "Chance Helfinger" ("GABER"), with the intent to extort a thing of value, did knowingly and willfully transmit in interstate and foreign commerce via the Internet communications containing threats to injure the reputation of the addressee, that is, defendant GABER threatened K.J.B., a minor female, that defendant GABER would distribute sexually explicit photographic images and videos of K.J.B. to individuals who knew

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

1    K.J.B., if K.J.B. refused to transmit a live visual depiction, via

2    webcam, to defendant GABER in which she followed his instructions to

3    engage in sexually explicit conduct.

4

5

6                                          A TRUE BILL

7

8                                          /s/
     _____
     Foreperson

9

10   STEPHANIE YONAKURA
     Acting United States Attorney

11

12

13   ROBERT E. DUGDALE
     Assistant United States Attorney
14   Chief, Criminal Division

15

16   ELIZABETH R. YANG
     Assistant United States Attorney
17   Chief, Violent and Organized
     Crime Section
18

19   JOEY L. BLANCH
20   Assistant United States Attorney
     Deputy Chief, Violent and
21   Organized Crime Section

22

23   WENDY WU
     Assistant United States Attorney
24   Cyber Crime and Intellectual
     Property Section
25

26

27

28