NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
 1300 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-7162
 Facsimile: (213) 894-0141
 E-mail: catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 14-472-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ELAD GABER, | |
| Defendant. | **CURRENT TRIAL DATE:** 03/17/20 **PROPOSED TRIAL DATE:** 07/14/20 CURRENT PRETRIAL CONFERENCE DATE: 03/02/20 PROPOSED PRETRIAL CONFERENCE DATE: 06/29/20 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Catharine Richmond, and defendant Elad Gaber ("defendant"), both individually and by and through his counsel of record, Mark Werksman, Jacqueline Sparagna, and Caleb Mason, hereby stipulate as follows:

 1. The Indictment in this case was filed on August 15, 2014. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on January 24, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 3, 2020.

2.   On January 24, 2020, the Court set a trial date of March 17, 2020, and a status conference date of March 2, 2020.

3.   Defendant is detained pending posting bond.  The parties estimate that the trial in this matter will last approximately four to five weeks.

4.   By this stipulation, defendant moves to continue the trial date to July 14, 2020, and the status conference to June 29, 2020. This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged in a 68-count indictment with violations of 18 U.S.C. § 875(d): Extortion, 18 U.S.C. §§ 2251(a), (e): Production and Attempted Production of Child Pornography, 18 U.S.C. § 2422(b): Use and Attempted Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, and 18 U.S.C. § 2252A(a)(2): Distribution of Child Pornography.

b.   The government has produced discovery to the defense, including in excess of 28,000 Bates'd items.  The government has not yet provided the password to this discovery, however; it is waiting to do so until the Court issues the protective order the parties jointly filed for January 31, 2020.  An additional 2.5 TB of child sex abuse material is being made available to defense, pursuant to Rule 16 and the Adam Walsh Act, to review at the Federal Bureau of Investigation ("FBI").  For the court's reference, one terabyte

contains the equivalent of 18,750,000 documents or 250 full-length movies.

c.   Due to the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d.   Defense counsel is presently in trial for People v. Rebecca Gaspar, which is estimated to last until February 7, 2020. Defense counsel is then scheduled to go to trial again in People v. Carl Bradley Johansson, which is estimated to last from February 11, 2020, to March 16, 2020.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

e.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  This is especially so in the light of the large amount of discovery, and the large amount of discovery that can be reviewed only at the FBI.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

3

1        g. The government does not object to the continuance.

2        h. The requested continuance is not based on congestion

3    of the Court's calendar, lack of diligent preparation on the part of

4    the attorney for the government or the defense, or failure on the

5    part of the attorney for the Government to obtain available

6    witnesses.

7       6. For purposes of computing the date under the Speedy Trial

8    Act by which defendant's trial must commence, the parties agree that

9    the time period the date the continuance is issued to July 14, 2020,

10   inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

11   (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a

12   continuance granted by the Court at defendant's request, without

13   government objection, on the basis of the Court's finding that: (i)

14   the ends of justice served by the continuance outweigh the best

15   interest of the public and defendant in a speedy trial; (ii) failure

16   to grant the continuance would be likely to make a continuation of

17   the proceeding impossible, or result in a miscarriage of justice;

18   (iii) the case is so unusual and so complex, due to large amount of

19   discovery, that it is unreasonable to expect preparation for pre-

20   trial proceedings or for the trial itself within the time limits

21   established by the Speedy Trial Act; and (iv) failure to grant the

22   continuance would unreasonably deny defendant continuity of counsel

23   and would deny defense counsel the reasonable time necessary for

24   effective preparation, taking into account the exercise of due

25   diligence.

26      7. Nothing in this stipulation shall preclude a finding that

27   other provisions of the Speedy Trial Act dictate that additional time

28   periods be excluded from the period within which trial must commence.

Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional

time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: January 31, 2020              Respectfully submitted,

                                     NICOLA T. HANNA
                                     United States Attorney

                                     BRANDON D. FOX
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     CATHARINE A. RICHMOND
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA


    I am ELAD GABER's attorney.  I have carefully discussed every

part of this stipulation and the continuance of the trial date with

my client. I have fully informed my client of his Speedy Trial

rights.  To my knowledge, my client understands those rights and

agrees to waive them.  I believe that my client's decision to give up

the right to be brought to trial earlier than July 14, 2020 is an

informed and voluntary one.


MARK WERKSMAN                        Date  2/7/20
JACQUELINE SPARAGNA
CALEB MASON
Attorneys for Defendant
ELAD GABER



    I have read this stipulation and have carefully discussed it

with my attorney.  I understand my Speedy Trial rights.  I

voluntarily agree to the continuance of the trial date, and give up

1   my right to be brought to trial earlier than July 14, 2020. If bond

2   is posted and I am released, I understand that I will be ordered to

3   appear in Courtroom 6A of the Federal Courthouse, 350 W. 1st Street,

4   Los Angeles, California on July 14, 2020 for trial and on June 29,

5   2020 for the pretrial conference.

6

7   ELAD GABER                      Date

    Defendant

6