NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7162
     Facsimile: (213) 894-0141
     E-mail:    catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 14-472-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ELAD GABER, | |
| Defendant. | **CURRENT TRIAL DATE:    11/17/20**<br>**PROPOSED TRIAL DATE:   01/19/21**<br><br>CURRENT PRETRIAL CONFERENCE DATE: 11/02/20<br>PROPOSED PRETRIAL CONFERENCE DATE: 01/04/21 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Catharine Richmond, and defendant Elad Gaber ("defendant"), both individually and by and through his counsel of record, Mark Werksman, Jacqueline Sparagna, and Caleb Mason, hereby stipulate as follows:

1.   The Indictment in this case was filed on August 15, 2014. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 24, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 3, 2020.

2.   On January 24, 2020, the Court set a trial date of March 17, 2020, and a status conference date of March 2, 2020.

3.   Defendant is detained pending posting bond.  The parties estimate that the trial in this matter will last approximately four to five weeks.

4.   By this stipulation, defendant moves to continue the trial date to January 19, 2021, and the status conference to January 4, 2021.  This is the third request for a continuance.

5.   The Court has previously continued the trial date in this case from March 17, 2020, to November 17, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.   Defendant is charged in a 68-count indictment with violations of 18 U.S.C. § 875(d): Extortion, 18 U.S.C. §§ 2251(a), (e): Production and Attempted Production of Child Pornography, 18 U.S.C. § 2422(b): Use and Attempted Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, and 18 U.S.C. § 2252A(a)(2): Distribution of Child Pornography.

   b. The government has produced discovery to the defense, including in excess of 28,000 Bates'd items.  An additional 2.5 TB of child sex abuse material is being made available to defense, pursuant to Rule 16 and the Adam Walsh Act, to review at the Federal Bureau of Investigation ("FBI").  For the court's reference, one terabyte contains the equivalent of 18,750,000 documents or 250 full-length movies.

   c. Due to the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   d. For the Court's edification, the government has extended a plea offer to defendant and is extending the deadline for acceptance to allow defendant and his counsel to have adequate time to review it.

   e. Defense counsel is scheduled to appear in a trial in <u>People v. Rebecca Gaspar</u>, beginning on January 8, 2021, that is estimated to last three to four weeks after jury selection and in <u>United States v. Jason Dessasau</u>, on January 26, 2021.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   f. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a

1 pretrial resolution does not occur.  This is especially so in the
2 light of the large amount of discovery, and the large amount of
3 discovery that can be reviewed only at the FBI.  Defense counsel
4 represents that failure to grant the continuance would deny them
5 reasonable time necessary for effective preparation, taking into
6 account the exercise of due diligence.
7         g.   Defendant believes that failure to grant the
8 continuance will deny him continuity of counsel and adequate
9 representation.
10        h.   The government does not object to the continuance.
11        i.   The requested continuance is not based on congestion
12 of the Court's calendar, lack of diligent preparation on the part of
13 the attorney for the government or the defense, or failure on the
14 part of the attorney for the Government to obtain available
15 witnesses.
16   7.   For purposes of computing the date under the Speedy Trial
17 Act by which defendant's trial must commence, the parties agree that
18 the time period the date the continuance is issued to January 19,
19 2021, inclusive, should be excluded pursuant to 18 U.S.C.
20 §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay
21 results from a continuance granted by the Court at defendant's
22 request, without government objection, on the basis of the Court's
23 finding that: (i) the ends of justice served by the continuance
24 outweigh the best interest of the public and defendant in a speedy
25 trial; (ii) failure to grant the continuance would be likely to make
26 a continuation of the proceeding impossible, or result in a
27 miscarriage of justice; (iii) the case is so unusual and so complex,
28

1  due to large amount of discovery, that it is unreasonable to expect
2  preparation for pre-trial proceedings or for the trial itself within
3  the time limits established by the Speedy Trial Act; and (iv) failure
4  to grant the continuance would unreasonably deny defendant continuity
5  of counsel and would deny defense counsel the reasonable time
6  necessary for effective preparation, taking into account the exercise
7  of due diligence.

8.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 26, 2020         Respectfully submitted,

                                NICOLA T. HANNA
                                United States Attorney

                                BRANDON D. FOX
                                Assistant United States Attorney
                                Chief, Criminal Division

                                /s/ Catharine Richmond
                                _____
                                CATHARINE A. RICHMOND
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

   I am ELAD GABER's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial

5

rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than January 19, 2021, is an informed and voluntary one.

_/s/ Mark Werksman_   _10/27/20_
MARK WERKSMAN            Date
JACQUELINE SPARAGNA
CALEB MASON
Attorneys for Defendant
ELAD GABER

 

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 19, 2021.  If bond is posted and I am released, I understand that I will be ordered to appear in Courtroom 6A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on January 19, 2021, for trial and on January 4, 2021, for the pretrial conference.

X _Elad Tzvi Gaber_   _10/27/20_
ELAD GABER               Date
Defendant

6