NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7162
     Facsimile: (213) 894-0141
     E-mail:    catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                 v.<br><br>ELAD GABER,<br><br>            Defendant. | No. CR 14-472-PSG<br><br>PLEA AGREEMENT FOR DEFENDANT ELAD GABER |

1.   This constitutes the plea agreement between ELAD GABER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this

agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 26 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 29 and 30 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Ten of the Indictment in United States v. ELAD GABER, CR No. 14-472-PSG, which charges defendant with Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 16 of this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Make restitution as ordered by the Court at the time of sentencing, or as ordered by the Court, by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount ordered by the Court, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution and/or fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

i.    Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.    <u>Sex Offender Registration</u>:  Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in

3

the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  Counseling:  Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall be authorized to disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision, under 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.  If defendant has no ability to pay, no payment shall be required.

iv.  Access to Materials:  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C.

§2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   <u>Contact with Others</u>:  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except:  (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.  Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.    Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.  Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.  Employment:  Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days before any scheduled change.

xi.  Residence:  Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days before any scheduled move.

xii. Search:  Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, and effects and other areas under defendant's control, to search at any time, with or without warrant, by any law

1   enforcement or Probation Officer with reasonable suspicion concerning

2   a violation of a condition of probation/supervised release or

3   unlawful conduct by defendant, and by any Probation Officer in the

4   lawful discharge of the officer's supervision function.

5                xiii.   Computer:  Defendant shall possess and use

6   only those computers and computer-related devices, screen user names,

7   passwords, email accounts, and internet service providers ("ISPs")

8   that have been disclosed to the Probation Officer upon commencement

9   of supervision.  Any changes or additions are to be disclosed to the

10  Probation Officer before defendant's first use.  Computers and

11  computer-related devices include personal computers, personal data

12  assistants ("PDAs"), internet appliances, electronic games, cellular

13  telephones, and digital storage media, as well as their peripheral

14  equipment, that can access, or can be modified to access, the

15  internet, electronic bulletin boards, and other computers.

16               xiv. All computers, computer-related devices, and

17  their peripheral equipment, used by defendant shall be subject to

18  search and seizure.  This shall not apply to items used at the

19  employment's site that are maintained and monitored by the employer.

20               xv.  Defendant shall comply with the rules and

21  regulations of the U.S. Probation Office's Computer Monitoring

22  Program.  Defendant shall pay the cost of the Computer Monitoring

23  Program, in an amount not to exceed $32 per month per device

24  connected to the internet.

25               j.   Defendant shall notify the Financial Litigation

26  Section, United States Attorney's Office, of any interest in property

27  obtained, directly or indirectly, including any interest obtained

28  under any other name, or entity, including a trust, partnership or

7

corporation after the execution of this plea agreement until any fine
and restitution is paid in full.  Defendant shall further notify the
Financial Litigation Section, United States Attorneys' Office before
defendant transfers any interest in property owned directly or
indirectly by defendant, including any interest held or owned under
any other name or entity, including trust, partnership, and/or
corporations.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement and affirmatively recommend to the Court that it
impose sentence in accordance with paragraph 16 of this agreement.

c.   At the time of sentencing, move to dismiss the
remaining counts of the Indictment as against defendant.  Defendant
agrees, however, that at the time of sentencing the Court may
consider any dismissed charges in determining the applicable
Sentencing Guidelines range, the propriety and extent of any
departure from that range, and the sentence to be imposed.

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of
the crime charged in Count Ten, that is, Use of a Facility of
Interstate Commerce to Induce a Minor to Engage in Criminal Sexual
Activity, in violation of 18 U.S.C. § 2422(b), the following must be
true:

a.   Defendant used a means or facility of interstate or
foreign commerce, that is, the Internet, to knowingly persuade,
induce, entice, or coerce an individual to engage in any sexual

activity for which someone could be charged with a criminal offense, that is Production of Child Pornography; and

      b.   The individual the defendant persuaded, induced, enticed, or coerced was under the age of 18.

PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 2422(b) is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2422(b), is: life imprisonment; lifetime supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed. The parties currently believe that the applicable amount of restitution is approximately $250,000, but recognize and agree that

this amount could change based on facts that come to the attention of the parties prior to sentencing.

9.    Defendant agrees that any and all fines and/or restitution ordered by the Court will be due as ordered by the Court.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

10.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

11.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

10

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

14.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States

Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  Defendant understands that the requirements for registration may include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student.  Defendant further understands the requirement to keep the registration current including informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status.  Defendant understands that if he possesses a passport, it will be marked with a unique identifier identifying him as a convicted sex offender.  Defendant understands that if he seeks to travel outside the United States, he must notify his residence jurisdiction of his travel at least 21 days before that travel.  Defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment or both.

FACTUAL BASIS

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

1    Since at least 2010, defendant coerced girls to produce
2   child pornography and send it to him.  Defendant did so
3   according to a pattern, as described below.
4    Defendant would locate a girl through social media and find
5   some type of "embarrassing" material of her, usually suggestive
6   or nude photos.  He would then – without revealing he had the
7   material – find and befriend the girl on social media, often by
8   impersonating a handsome young boy whose identity he had stolen.
9   Next, he would send the girl a scripted threatening message over
10  social media, telling her that if she did not comply with his
11  demands to "cam," or live video chat, with him, he would release
12  the material to her friends and family.
13   If the girl did not immediately comply, he would blackmail
14  her by sending her screenshots of the consequences of
15  noncompliance, often either of a prewritten, but unsent, message
16  to those close to her with the embarrassing material attached or
17  the aftermath for previous victims where he had sent the
18  material.  Once he forced the girl to comply, defendant would
19  then message her a detailed script of what he wanted to do on
20  "cam."  To ensure the video achieved his specifications, he
21  would often chat with the girls contemporaneously during the
22  production of child pornography, including giving criticisms,
23  feedback, and instructions.
24   For several girls, he then used the material from the cam
25  sessions as further material with which to blackmail the girls.
26  For the girls who did not comply, he retaliated and sent their
27  embarrassing material to ~~all or most~~ of their social media

    *SOME EG MW CAR*   11/06/20

28  contacts, which often included the girls' parents.

13

1    <u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

2         16.   Defendant understands that in determining defendant's

3    sentence the Court is required to calculate the applicable Sentencing

4    Guidelines range and to consider that range, possible departures

5    under the Sentencing Guidelines, and the other sentencing factors set

6    forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7    Sentencing Guidelines are advisory only.

8         17.   Defendant and the USAO agree to the following applicable

9    Sentencing Guidelines factors:

10        Base Offense Level:          28    U.S.S.G. § 2G1.3(a)(3)___

11        Misrepresentation & Coercion:   +2    U.S.S.G. § 2G1.3(b)(2)___

12        Use of Computer:             +2    U.S.S.G.§ 2G1.3(b)(3)(A)

13        18.   Defendant and the USAO reserve the right to argue that

14   additional specific offense characteristics, adjustments, and

15   departures under the Sentencing Guidelines are appropriate.

16        19.   Defendant and the USAO agree that, taking into account the

17   factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

18   sentencing guideline factors set forth above, an appropriate

19   disposition of this case is that the Court impose a sentence within

20   the range of 120 to 360 months' imprisonment, with both parties

21   reserving the right to argue for a particular sentence within that

22   range; lifetime supervised release with conditions to be fixed by the

23   Court, which shall include the conditions set forth paragraph 3(i)

24   above; $100 special assessment and $5,000 if the Court concludes that

25   defendant is a non-indigent person, as described in paragraphs 3(g),

26   7, and 9 above; and restitution as set by the Court.  The parties

27   also agree that no prior imprisonment (other than credits that the

28   Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be

credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

## WAIVER OF RETURN OF DIGITAL DATA

2      22.   Understanding that the government has in its possession

3  digital devices and/or digital media seized from defendant, defendant

4  waives any right to the return of digital data contained on those

5  digital devices and/or digital media and agrees that if any of these

6  digital devices and/or digital media are returned to defendant, the

7  government may delete all digital data from those digital devices

8  and/or digital media before they are returned to defendant.

9        ## WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

10     23.   Defendant understands that, with the exception of an appeal

11 based on a claim that defendant's guilty plea was involuntary, by

12 pleading guilty defendant is waiving and giving up any right to

13 appeal defendant's conviction on the offense to which defendant is

14 pleading guilty.  Defendant understands that this waiver includes,

15 but is not limited to, arguments that the statute to which defendant

16 is pleading guilty is unconstitutional, and any and all claims that

17 the statement of facts provided herein is insufficient to support

18 defendant's plea of guilty.

19     24.   Defendant also gives up any right to bring a post-

20 conviction collateral attack on the conviction or sentence, including

21 any order of restitution, except a post-conviction collateral attack

22 based on a claim of ineffective assistance of counsel, a claim of

23 newly discovered evidence, or an explicitly retroactive change in the

24 applicable Sentencing Guidelines, sentencing statutes, or statutes of

25 conviction.  Defendant understands that this waiver includes, but is

26 not limited to, arguments that the statute to which defendant is

27 pleading guilty is unconstitutional, and any and all claims that the

28

16

statement of facts provided herein is insufficient to support
defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

25.   Defendant agrees that, provided the Court imposes the
sentence specified in paragraph 16 above, defendant gives up the
right to appeal any portion of that sentence.

26.   The USAO agrees that, provided the Court imposes the
sentence specified in paragraph 16 above, the USAO gives up its right
to appeal any portion of that sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

27.   Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

28.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

29.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

30.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

31.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
<u>OFFICE NOT PARTIES</u>

32.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will

1   determine the facts, sentencing factors, and other considerations

2   relevant to sentencing and will decide for itself whether to accept

3   and agree to be bound by this agreement.

4       33.   Defendant understands that both defendant and the USAO are

5   free to: (a) supplement the facts by supplying relevant information

6   to the United States Probation and Pretrial Services Office and the

7   Court, (b) correct any and all factual misstatements relating to the

8   Court's Sentencing Guidelines calculations and determination of

9   sentence, and (c) argue on appeal and collateral review that the

10   Court's Sentencing Guidelines calculations and the sentence it

11   chooses to impose are not error, although each party agrees to

12   maintain its view that the calculations and sentence referenced in

13   paragraphs 15 and 16 are consistent with the facts of this case.

14   While this paragraph permits both the USAO and defendant to submit

15   full and complete factual information to the United States Probation

16   and Pretrial Services Office and the Court, even if that factual

17   information may be viewed as inconsistent with the facts agreed to in

18   this agreement, this paragraph does not affect defendant's and the

19   USAO's obligations not to contest the facts agreed to in this

20   agreement.

21   <u>NO ADDITIONAL AGREEMENTS</u>

22       34.   Defendant understands that, except as set forth herein,

23   there are no promises, understandings, or agreements between the USAO

24   and defendant or defendant's attorney, and that no additional

25   promise, understanding, or agreement may be entered into unless in a

26   writing signed by all parties or on the record in court.

27

28

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

35.   The parties agree that this agreement will be considered
part of the record of defendant's guilty plea hearing as if the
entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_Catharine Richmond_

| | |
|---|---|
| CATHARINE A. RICHMOND<br>Assistant United States Attorney | 11/06/20<br>Date |
| ELAD GABER<br>Defendant | 6-11-20<br>Date |
| MARK WERKSMAN<br>Attorney for Defendant ELAD GABER | 11/6/20<br>Date |

EG  GAR  11/06/20  CERTIFICATION OF DEFENDANT

~~This agreement has been read to me in Hebrew, the language I understand best.~~  I have had enough time to review and consider this
agreement, and I have carefully and thoroughly discussed every part
of it with my attorney.  I understand the terms of this agreement,
and I voluntarily agree to those terms.  I have discussed the
evidence with my attorney, and my attorney has advised me of my
rights, of possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of the
sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant
Sentencing Guidelines provisions, and of the consequences of entering
into this agreement.  No promises, inducements, or representations of

21

1  any kind have been made to me other than those contained in this

2  agreement.  No one has threatened or forced me in any way to enter

3  into this agreement.  I am satisfied with the representation of my

4  attorney in this matter, and I am pleading guilty because I am guilty

5  of the charge and wish to take advantage of the promises set forth in

6  this agreement, and not for any other reason.

7  _____        _____

8  ELAD GABER                              Date
   Defendant

9

10                    CERTIFICATION OF INTERPRETER

11      I, _____, am fluent in the written

12  and spoken English and Hebrew languages.  I accurately translated

13  this entire agreement from English into Hebrew to defendant ELAD

14  GABER on this date.

15

16  _____        _____

    INTERPRETER                             Date

17

18                CERTIFICATION OF DEFENDANT'S ATTORNEY

19      I am ELAD GABER's attorney.  I have carefully and thoroughly

20  discussed every part of this agreement with my client.  Further, I

21  have fully advised my client of his rights, of possible pretrial

22  motions that might be filed, of possible defenses that might be

23  asserted either prior to or at trial, of the sentencing factors set

24  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

25  provisions, and of the consequences of entering into this agreement.

26  To my knowledge: no promises, inducements, or representations of any

27  kind have been made to my client other than those contained in this

28  agreement; no one has threatened or forced my client in any way to

                               22

1   enter into this agreement; my client's decision to enter into this
2   agreement is an informed and voluntary one; and the factual basis set
3   forth in this agreement is sufficient to support my client's entry of
4   a guilty plea pursuant to this agreement.

11/6/20

_____        _____
MARK WERKSMAN                       Date
Attorney for Defendant ELAD GABER

23