NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7162
    Facsimile: (213) 894-0141
    E-mail:    catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELAD GABER,<br><br>    Defendant. | No. 14-472-PSG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL AND CHANGE OF PLEA DATES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:    01/19/21**<br>**PROPOSED TRIAL DATE:   06/15/21**<br><br>CURRENT PRETRIAL CONFERENCE DATE: 01/04/21<br>PROPOSED PRETRIAL CONFERENCE DATE: 05/31/21<br><br>**CURRENT CHANGE OF PLEA DATE: 01/04/21**<br>**PROPOSED CHANGE OF PLEA DATE: 02/01/21** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Catharine Richmond, and defendant Elad Gaber ("defendant"), both individually and by and

through his counsel of record, Mark Werksman, Jacqueline Sparagna, and Caleb Mason, hereby stipulate as follows:

1. The Indictment in this case was filed on August 15, 2014. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 24, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 3, 2020.

2. On January 24, 2020, the Court set a trial date of March 17, 2020, and a status conference date of March 2, 2020.

3. Defendant is detained pending posting bond. The parties estimate that the trial in this matter will last approximately four to five weeks.

4. By this stipulation, defendant moves to continue the trial date to June 15, 2021, and the status conference to May 31, 2021. This is the fourth request for a continuance.

5. The current change of plea date is set for January 4, 2021. By this stipulation, defendant moves to continue the change of plea date to February 1, 2021.

6. The Court has previously continued the trial date in this case from March 17, 2020, to January 19, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged in a 68-count indictment with violations of 18 U.S.C. § 875(d): Extortion, 18 U.S.C. §§ 2251(a),

(e): Production and Attempted Production of Child Pornography, 18 U.S.C. § 2422(b): Use and Attempted Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, and 18 U.S.C. § 2252A(a)(2): Distribution of Child Pornography.

      b.    The government has produced discovery to the defense, including in excess of 28,000 Bates'd items. An additional 2.5 TB of child sex abuse material is being made available to defense, pursuant to Rule 16 and the Adam Walsh Act, to review at the Federal Bureau of Investigation ("FBI"). For the court's reference, one terabyte contains the equivalent of 18,750,000 documents or 250 full-length movies.

      c.    Due to the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

      d.    For the Court's edification, the government has extended a plea offer to defendant and is extending the deadline for acceptance to allow defendant and his counsel to have adequate time to review it.

      e.    Defense counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      f.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential

evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  This is especially so in the light of the large amount of discovery, and the large amount of discovery that can be reviewed only at the FBI.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      g.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      h.   The government does not object to the continuance.

      i.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

   8.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period the date the continuance is issued to June 15, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice;

(iii) the case is so unusual and so complex, due to large amount of discovery, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 15, 2020           Respectfully submitted,

                                   NICOLA T. HANNA
                                   United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                   */s/ Catharine Richmond*
                                   _____
                                   CATHARINE A. RICHMOND
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

I am ELAD GABER's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with

my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2021, is an informed and voluntary one. I also agree that the change of plea hearing should be continued to February 1, 2021.

_/s/ Mark Werksman_  12/17/2020
MARK WERKSMAN               Date
JACQUELINE SPARAGNA
CALEB MASON
Attorneys for Defendant
ELAD GABER


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 15, 2021. If bond is posted and I am released, I understand that I will be ordered to appear in Courtroom 6A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 15, 2021, for trial and on May 31, 2021, for the pretrial conference. I understand and agree that my change of plea hearing should be continued to February 1, 2021.

_/s/ Elad Ter' abel_   12-16-20
ELAD GABER              Date
Defendant